FJud
3-4

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

COMPLEX BUSINESS LITIGATION
SECTION

CASE NO. 08-55741 CA 40

LENNAR CORPORATION, a Delaware
Corporation, and LENNAR HOMES OF
CALIFORNIA, INC., a California Corporation,

    Plaintiffs,

vs.

BRIARWOOD CAPITAL, LLC, a Delaware
Limited Liability Company, and NICOLAS
MARSCH III, a California Individual, BARRY
MINKOW, a California Individual, FRAUD
DISCOVERY INSTITUTE, INC., a California
Corporation, and DOES 1-10, inclusive,

    Defendants.
_____/

## STIPULATED FINAL JUDGMENT AGAINST DEFENDANTS BARRY MINKOW AND FRAUD DISCOVERY INSTITUTE, INC.

THIS CAUSE came on before the undersigned Judge for entry of a Stipulation and Final Judgment (the "Stipulated Judgment") between plaintiffs LENNAR CORPORATION AND LENNAR HOMES OF CALIFORNIA, INC. (the "Lennar Plaintiffs"), and Defendants BARRY MINKOW and FRAUD DISCOVERY INSTITUTE, INC. ("FDI," and together with Minkow, the "Minkow Defendants") (collectively referred to as "Parties") concerning resolution of the above-captioned litigation. The Lennar Plaintiffs alleged in their Fourth Amended Complaint in

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

this action that the Minkow Defendants violated various laws in connection with an agreement with defendants Nicolas Marsch III and Briarwood Capital, LLC (collectively, the "Marsch Defendants") to use fraud, identity theft, and manipulation of the public securities markets, among other things, to harm the Lennar Plaintiffs' business and reputation in an effort to force the Lennar Plaintiffs to pay millions of dollars to all Defendants. The Minkow Defendants admit the allegations set forth in Section II(C) and agree to the entry of this Stipulated Judgment. The Lennar Plaintiffs also agree to entry of this Stipulated Judgment.

It is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

## I. APPEAL WAIVER

1. The Minkow Defendants have waived all rights of appeal.

## II. FINDINGS OF FACT

2. Accordingly, the Court finds and declares:

### A. Parties

3. Plaintiff Lennar Corporation is a Delaware corporation with headquarters in Miami, Florida. Plaintiff Lennar Homes of California, Inc. is a California Corporation doing business in the State of California.

4. Barry Minkow was, at all relevant times, a resident of San Diego, California and is a principal and managing agent of defendant FDI.

5. FDI is a California corporation with its principal place of business located in San Diego, California.

### B. Jurisdiction and Venue

6. The Court has subject matter jurisdiction over this action.

7. This Court has personal jurisdiction over the Minkow Defendants pursuant to Fla. Stat. § 48.193 because, Minkow and FDI committed tortious acts in Florida by, among other actions, reaching out and making false and defamatory statements to: (a) Florida resident Michael Morgan, by telephone and email; and (b) others in Florida, through continuous website



postings. The Minkow Defendants consent to the personal jurisdiction of the Court generally and for purposes of this Stipulated Judgment.

8. Venue lies in this Court pursuant to Fla. Stat. § 47.011 because the causes of action described in the Lennar Plaintiffs' Fourth Amended Complaint accrued in Miami-Dade County, Florida.

### C. Stipulated Facts

9. In or around November 2008, the Minkow Defendants entered into an agreement with the Marsch Defendants to extort Lennar. The Minkow Defendants and Marsch Defendants agreed to manipulate the public securities markets to harm the Lennar Plaintiffs' business and reputation in an effort to force the Lennar Plaintiffs to pay millions of dollars to the Marsch and Minkow Defendants.

10. At the Marsch Defendants' direction, the Minkow Defendants disseminated false and fraudulent statements about Lennar and its senior executives. For example, on January 9, 2009, the Minkow Defendants issued a widespread press release stating that FDI had "launched" the "Top 10 Red Flags for Fraud at Lennar Corporation." The press release and accompanying "letter report" directed members of the business community and public throughout the U.S. to a new website created and maintained by the Minkow Defendants called "www.lenn-ron.com" in an express effort to associate the Lennar Plaintiffs with Enron Corporation, a company famously accused of illegal accounting. On this website and their home website, "www.frauddiscovery.net," the Minkow Defendants posted links to other false content about the Lennar Plaintiffs. The "lenn-ron" website included a link to a video hosted by YouTube.com (http://www.youtube.com/watch?v=B-GvyWJOCYM).

11. In the press release, letter, and video, Minkow falsely accused the Lennar Plaintiffs of being a "financial crime in progress," of being a "fraud," of "conceal[ing] debt" and "misallocat[ing] or misappropriat[ing] funds between joint ventures," and of being plagued by "an environment of fraud at the highest levels."

12. After the January 9 "report" and press release, the Minkow Defendants, at the

3

urging of the Marsch Defendants, disseminated throughout the country additional false, misleading, and malicious information about Lennar and its senior management, including in press releases, reports, and/or YouTube.com videos of January 12, 13, 23, and 30, 2009; February 4 and 19, 2009; May 13 and 27, 2009; October 7, 2009; and January 14, 2010.

13. By spreading these false statements, the Minkow Defendants intended to severely and fraudulently manipulate the public market for Lennar Corporation's publicly-traded securities, in addition to damaging the Lennar Plaintiffs' business operations and reputation. The plan worked.

14. As a direct and immediate consequence of the Minkow Defendants' broad public dissemination of these press releases and the content of the "lenn-ron" website, together with the Minkow Defendants' continuing other statements to the media and investment community, Lennar Corporation was damaged at least $583,573,600.

15. The Minkow Defendants' conduct constitutes defamation *per se* under Florida law, violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq., and conspiracy under Florida law. The Minkow Defendants willfully and maliciously made false, defamatory, and unprivileged statements, knew their statements were false and acted with disregard of their falsity, intended to extort money from Lennar, cause the Lennar Plaintiffs severe damage, and gain an unfair business advantage, and, in fact, caused the Lennar Plaintiffs $583,573,600 in harm. The Minkow Defendants committed these acts maliciously, oppressively, and fraudulently, with intent to injure the Lennar Plaintiffs.

16. On December 2, 2009, the Lennar Plaintiffs filed a Motion for Sanctions against the Minkow Defendants. The Court heard testimony and argument regarding the Motion for Sanctions on August 26 and 27, 2010.

17. On December 27, 2010, the Court issued an order that included a default against Minkow, adverse inference instructions against FDI, and a requirement that the Minkow Defendants pay the Lennar Plaintiffs' attorneys' fees and costs incurred in connection with their extensive efforts to secure evidence and discovery. The Order states in relevant part:

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

> With full knowledge of the rules and his obligations as a litigant in this Court, Mr. Minkow has withheld key documents, destroyed or discarded important evidence, concealed the identity of material witnesses, wilfully violated court orders, and engaged in actions to cloud his misconduct. Minkow repeatedly intentionally misrepresented these matters to his lawyers, in sworn affidavits filed with this Court, at depositions in this case, and at the evidentiary hearing itself, including in response to questions from this Court... Lennar and its counsel spent numerous hours investigating Minkow's activities in this litigation and evidence which Plaintiffs have repeatedly requested has been discarded and/or irretrievably lost. Plaintiff's right to a fair process and trial has been severely and irrevocably compromised. No remedy short of default, together with full reimbursement of the attorneys' fees and costs incurred in connection with Lennar's extensive and continuous efforts to get evidence and discovery, can restore Lennar to the position [it] would have occupied in the absence of [Mr. Minkow's] willfulness and bad faith....
>
> As a result of the prejudice suffered by Plaintiffs because of Minkow's withholding or disposal or failure to retain such materials after he and FDI were on notice to do so, and had a duty to preserve same, such adverse inference instruction is warranted.

18.     The Minkow Defendants do not contest any portion of the December 27, 2010 order regarding the Lennar Plaintiffs' December 2, 2009 Motion for Sanctions.

19.     On March 24, 2011, the United States Department of Justice filed a Criminal Information against Barry Minkow. The Information alleges that Minkow "did willfully ... and knowingly combine, conspire, confederate and agree with Conspirator A and with others ... to knowingly and intentionally execute, and attempt to execute, a scheme and artifice" to commit securities fraud, in violation of 18 U.S.C. § 371. It states that "the purpose of the conspiracy was for [Minkow] and his conspirators to artificially manipulate and depress Lennar's stock price to induce Lennar to make payments of cash and common stock to Conspirator A and to otherwise unjustly enrich the [Minkow] and his conspirators." It further alleges that Minkow "broadcast[ed] false and misleading statements about Lennar. These statements alleged widespread improprieties in Lennar's financial reporting and business structure, and attacked the personal character of Lennar's management. [Minkow] made these false and misleading

Bk 27714 Pg 842 CFN 20110371647 06/08/2011 08:32:00 Pg 5 of 8 Mia-Dade Cty, FL

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

statements about Lennar and its management with reckless disregard for their truth with the intent of artificially depressing Lennar's stock price."

20. On March 30, 2011, Barry Minkow pled guilty to the Criminal Information filed on March 24, 2011. Mr. Minkow swore under oath that he, along with "Conspirator A, and others:

> conspired to execute a scheme and artifice to defraud Lennar Corporation . . . and to obtain, by means of false or fraudulent pretenses, representations, or promises, money or property from Lennar Corporation in connection with the purchase or sale of securities issued by Lennar Corporation. . . . In return for payment of a substantial fee, Minkow agreed to assist Conspirator A by, among other things, assisting with the execution of Conspirator A's threats to damage the reputation and character of Lennar Corporation and its individual officers. To induce Lennar Corporation to capitulate to Conspirator A's demands, Minkow created an internet website styled www.lennron.com. . . . Through the internet website, press releases, e-mail communications, one or more youtube.com videos, and other methods of mass-publication, Minkow and others made false and misleading representations to the investing public about Lennar Corporation's financial condition and business structure. Further, Minkow and others made false and misleading statements about the personal character of Lennar Corporation's management . . . . Despite the fact that many of Minkow's allegations were unsubstantiated and vague, the scope of the allegations and Minkow's public stature created "headline risk" that materially and fraudulently depressed the value of Lennar Corporation's common stock.

### III. AMOUNT OF JUDGMENT

21. Based on these stipulated facts, the Minkow Defendants stipulate to judgment on the First, Third, Fourth, and Fifth counts in the Fourth Amended Complaint:

> (1) Civil Remedies Against Criminal Practices Act (Fla. Stat. § 772.101 *et seq.*);
>
> (3) Defamation *Per Se;*
>
> (4) Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.204); and
>
> (5) Civil Conspiracy.

6

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

22. On account of the First, Third, Fourth, and Fifth counts in the Fourth Amended Complaint and the fraud, deceit and manipulation in connection with the purchase and sale of Lennar Corporation's publicly-traded securities, the Minkow Defendants acknowledge and expressly agree they are jointly and severally liable to the Lennar Plaintiffs in the principal amount of $583,573,600, which shall bear interest at the legal rate.

## IV. OTHER PROVISIONS

23. The February 25, 2011 Petition for Attorneys' Fees and Costs is withdrawn and deemed moot.

24. The Minkow Defendants consent to the entry of a Final Judgment against them for the total amount established in Section III above.

25. The terms of this Stipulated Judgment are binding on FDI and its successors and assigns, including, but not limited to, any person or entity to whom FDI or any of them may be sold, leased, or otherwise transferred.

26. This Stipulated Judgment shall be governed by and interpreted according to the laws of Florida.

27. This Stipulated Judgment is not intended to give any legal rights or remedies of any nature to any third party.

28. Nothing in the paragraphs above shall be deemed to release any individual or entity other than the Minkow Defendants.

29. This Court retains jurisdiction of this action as it relates to the Minkow Defendants for the purpose of carrying out or modifying the terms of this Stipulated Judgment, or granting such other relief as the Court deems just and proper.

Pursuant to the foregoing Stipulated Judgment

**IT IS ADJUDGED** that plaintiffs Lennar Corporation and Lennar Homes of California, Inc., 700 Northwest 107th Avenue Miami, Florida 33172, recover jointly and severally from


A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

defendants Barry Minkow, present address unknown, and Fraud Discovery Institute, Inc., 9770 Carroll Center Road, Suite F, San Diego, California, 92126, the sum of $583,573,600 with costs in the sum of $0, making a total of $583,573,600, that shall bear interest at the legal rate, for which sum let execution issue.

**DONE AND ORDERED** at the Miami-Dade County Courthouse, Miami, Florida, this 1st day of June, 2011.

_Gill S. Freeman_
Gill S. Freeman, Circuit Court Judge

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that this to be a true and correct copy of the original on file in this office
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK