11-20209-CR-PAS

The Honorable Judge Patricia Seitz,
Miami Federal Court House
400 North Miami Avenue-Room 11-4
Miami, Florida     33128-1812



08/23/2013

FILED by _____ D.C.
AUG 30 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**Dear Judge Seitz,**

   I hope this letter finds you well. Before I begin, I wanted you to know that I have mailed a copy of this correspondence to Ms.Joan Silverstein at the U.S.Attorney's Office in Miami and to my lawyer and long time friend, Mr.Alvin Entin. Currently, Mr.Entin is in trial and I don't want to impose upon him based on his busy schedule and because of how much he has done for me these past few years. Therefore, I ask for your forgiveness in advance if this request is not formatted properly.

   The reason for this letter is to prayerfully request a recommendation from the court to the Bureau of Prisons for an additional 90 days half-way house placement. I realize that at least initially this may appear to be an unusual petition, however I would ask that you please allow me the opportunity to briefly explain the reason for this request.

   As you may be aware, I am currently enrolled in the Residential Drug Program (R-DAP) here at FMC Lexington, and, Lord Willing, will graduate in early April, 2014. And while within some facilities of the Bureau of Prisons R-DAP graduates are regularly given nine Months, Half-way house placement ( for example, Petersburg, Virginia, Coleman Prison in Florida and Terminal Island in Long Beach, California), at FMC Lexington graduates are typically given Six Months half-way house placement. Simply stated, there appears to be a disparity, based on geography within the Bureau of Prisons pertaining to how much half-way house placement R-DAP participants receive upon graduation.

   My case manager and unit manager explained that even though a court recommendation is not binding on the Bureau of Prisons, my chances of receiving a Nine Month half-way house are better with a

Court recommendation than without one. Therefore, I wanted to list Six-brief reasons that will hopefully provide the Court with ample justification to make this recommendation.

(1) Cooperation with the victim of my crime; It is my understanding that counsel for Lennar Corporation has written a letter to the U.S.Attorney's Office in Miami confirming that my cooperation assisted the company in securing a favorable outcome in their civil case against Mr.Marsch in the State of Florida. Immediately upon the signing of my plea agreement with the Government, I turned over various documents and my computer harddrive to Lennar in hopes of assisting them in this (Florida) and other litigation.

(2) Cooperation with the Accounting Industry; I hope the Court is in receipt of a letter from Professor Joseph Kastantin, from the University of Wisconsin's Accounting Department, where he confirms our joint efforts at trying to help educate auditors how to identify fraud while preparing financial statements. Professor Kastantin, initially contacted me in November of 2011 and it would appear that some of the work we did together will be soon published in a technical accounting journal.

(3) Educational Accomplishment in Prison; In my great desire to not "fail jail," I was fortunate enough to be able to complete a Doctorate Degree at Trinity Theological Seminary through the Education Department here at FMC Lexington. I believe I sent a copy of the final dissertation for this degree to the Court in February of 2013.

(4) Bureau of Prisons Threshold-Reentry Program; This Six Month Class is a high priority program for the BOP. As John Whitfield's letter confirms, I have been privileged with helping teach this class over the past two years. Currently, I co-teach the program with Chaplain Tom Caldwell whom I love and respect. I also want you to know that since my incarceration I have had no disciplinary issues and have completed some very helpful programs like a 30-hour parenting class and a 14-week class on how to correctly manage money.

(5) <u>No Consideration Thus Far;</u> As you may recall at my sentencing, you recommended to the Bureau of Prisons that I be designated to a camp. This was done with the full knowledge of my 582 Million dollar Restitution order. However, because of the large Restitution order, the BOP did not honor the recommendation.. I have spent my entire time here at FMC Lexington, Ky.. Additionally, there was a possibility in my plea agreement for me to receive a Rule-35 consideration and despite my efforts to cooperate with the victim directly as well as the Government, I never received any Rule-35 Relief. Please know, your Honor, that I am not complaining about these issues but merely making the Court aware of my incarceration history.

(6) <u>Meeting the Criteria for Additional Half-Way House Considertion Per the BOP Policy;</u> Recently, the Bureau of Prisons issued guidance for RRC placement. There are five factors to be considered by case managers to justify additional half-way house placement. They range from the history and characteristics of the prisoner, to whether or not the sentencing Court has recommended additional half-way house placement, to the nature and circumstances of the offense. Length of sentence is not one of the five factors to be considered.

Your Honor, I will be relocating upon my release, to Los Angeles, California where I have not lived since 1997. The job that I had when I was sentenced working for Mr.Grell's law firm is no longer available due to his battle with cancer. Thankfully he is okay but he has shut down his office and now practices law from his home office. Therefore, I would utilize the additional 90 days to find a job and cultivate ties to a community that I have not lived in for almost 17 years.

Additionally, all my educational achievements are "Ministry" related and, as you are aware, the Court has prohibited me from obtaining a job in the Ministry for no less than three years. Consequently, I will need to obtain re-training for a new job. Also I am confronted with an unusually high restitution order which I

3

hope you will allow me to receive every possible consideration to assist me in my Re-Entry efforts.

### San Diego Issues

At my sentencing hearing in July of 2011, the Court made a distinction between this conspiracy to commit securities fraud case and any potential future issues that arise in San Diego. I would prayerfully ask that the Court make the decision whether or not to grant this request based on my cooperation with Lennar Corporation, my prison record over the past two years, and by me meeting certain factors, provided by the Bureau of Prisons for additional half-way house consideration. If and when the situation in San Diego materializes, with an additional 90 days half-way house placement, I would still be in BOP custody and the Government would be free to pursue me in any manner they deem necessary. That is, the potential granting of this request will in no way interfere with the Government in San Diego.

### Conclusion

In closing, I want to apologize for how this request has come to you. That is, because of my incarceration, letters from Mr. Whitfield and Professor Kastantin have hopefully arrived in separate cover. It is my hope that you receive them in a timely manner. Also, and I apologize for any inconvenience this may impose upon the Court, but because of the lead time necessary for my case manager to submit the paper-work to the half-way house, I am faced with a time limitation. Therefore, should the Court graciously decide to recommend an additional 90 days half-way house placement, I have enclosed what appears to be a standard recommendation addressed to my case manager and unit manager.

Your Honor, if I were currently designated in a prison other than FMC Lexington, perhaps I would not need to bother you with this request. I Thank You in advance for considering this recommendation and look forward to not DISAPPOINTING YOU for increasing the likelihood of my successful Re-Entry back into society.

Barry Minkow   Reg.# 87560-012                    Very Truly Yours

4

Mr. Trimble, Unit Managaer, Veritas Unit
Mr. Baker, Case Manager, Veritas Unit
3301 Leestown Road
Lexington, KY., 40511
Fax: 700-355-7000

## NOTIFICATION OF RECOMMENDATION

This Court, hereby **GRANTS** defendant Barry Minkow's Motion For Recommendation of 270 days Halfway House Placement.

## STATEMENT OF FACTS

1). Mr. Minkow is currently enrolled in the Residential Drug Abuse Program (RDAP) at FMC-Lexington;

2). Upon his graduation he would automatically receive 180 days Halfway House Placement;

3). Based upon the arguments set forth in Mr. Minkow's letter to the Court, the Court recommends that the Bureau of Prisons consider and award an additional 90 days of Halfway House Placement.

**DONE IN MY CHAMBERS THIS** \_\_\_\_\_ **DAY OF** _____, 2013.

Patricia Seitz, District Judge



87560-012
Judge Patricia Seitz
400 N Miami AVE
Room 11-4
Miami, FL 33128-1812
United States