UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20209-CR-PAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

BARRY MINKOW,

       Defendants.

_____/

**RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER DIRECTING THE BUREAU OF PRISONS TO PROVIDE TREATMENT PROGRAM**

The United States of America respectfully files this response in opposition to the *pro se*, letter motion of defendant Barry Minkow ("Minkow"), filed August 30, 2013 [D.E. 38], requesting the Court to order the U.S. Bureau of Prisons ("BOP") to place defendant in a specific residential drug abuse program ("RDAP").  For the reasons set forth below, the motion should be denied.

**A.     Defendant Must Exhaust Administrative Remedies**

Defendant has been convicted and is serving his prison sentence.  He has improperly filed this letter motion in the criminal case and as filed the Court does not have subject matter jurisdiction.  If the defendant seeks redress with regard to the activities of the BOP he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2841.  Defendant must, however, exhaust his administrative remedies before he could file a petition claiming the denial of a constitutional or statutory right, or other improper conduct by the BOP.

     1.      This Court Lacks Subject Matter Jurisdiction Over Defendant's Claim Because Defendant Has Failed to Exhaust the Administrative Remedies <u>Available to Him Under the PLRA</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates that federal prisoners exhaust their administrative remedies prior to filing civil actions in federal court. *See, e.g., Booth v. Churner*, 532 U.S. 731, 733-34 (2001). Exhaustion is required for, "[a]ll action[s] * * * brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. at 532. Thus, federal prisoners suing under *Bivens* must first exhaust inmate grievance procedures. *See, e.g., O'Brien v. Seay*, 263 F. App'x 5, 8 (11th Cir. 2008); *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998). Additionally, the Eleventh Circuit has held that since the exhaustion requirement of section 1997e is a mandate from Congress, the courts lack discretion to waive it. *See Alexander*, 159 F.3d at 1325-26.

Where an inmate fails to exhaust administrative remedies prior to bringing suit, the case must be dismissed. *See Davis v. United States*, 272 F. App'x 863, 865-66 (11th Cir. 2008) (affirming dismissal of prisoner's complaint for failure to exhaust); *see also, Martinez v. Minnis*, 257 F. App'x 261, 265 (11th Cir. 2007) (same); *see further Alexander*, 159 F.3d at 1325 (same); *see Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) (remanding the case "with directions that the district court dismiss [plaintiff's] action for failure to exhaust administrative remedies" where an inmate filed his administrative grievance out-of-time without good cause). Futility and the inadequate nature of administrative remedies do not obviate exhaustion. *See*

*Porter*, 534 U.S. at 524; *see also, Alexander*, 159 F.3d at 1325; *see further Booth*, 532 U.S. at 741 ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").   The Supreme Court explained that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v Bock*, 549 U.S. 199, 211-12 (2007) (citing *Porter*, 534 U.S. at 524).

The BOP has a three-tiered administrative grievance process.  *See* 28 C.F.R. §§ 542.10 *et seq*.  An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level.  *See* 28 C.F.R. § 542.13.  If the matter cannot be resolved informally, the inmate may file a formal written complaint, a BP-9, to the Warden.  *See* 28 C.F.R. § 542.14.  The matter will be investigated, and a written response provided to the inmate.  *See id*.  If dissatisfied with the response, the inmate may appeal to the Regional Director by filing a BP-10.  *See* 28 C.F.R. § 542.15(a).  If dissatisfied with the regional response, the inmate may appeal to the General Counsel by filing a BP-11.  *See id*.   Appeal to the General Counsel is the final level of agency review; a claim has not been administratively exhausted until it has been filed with the General Counsel.  *See* 28 C.F.R. §542.15(a).

Here, defendant does not allege that he exhausted the three-tier administrative process prior to bringing suit in this case.  While defendant appears to attempt to allege a constitutional violation, he cannot do so without first following the PLRA.  *See Davis*, 272 F. App'x at 865-66.

> 2.  To the Extent Defendant Believes Failure to Assign Him to a Specific RDAP Has Violated The Eighth Amendment Or Another Constitutional or <u>Statutory Right, Defendant Should File a *Bivens* Suit</u>

Construed liberally, defendant seems to argue that the denial of placement in the RDAP constitutes a violation of his constitutional rights and/or improper medical treatment.  As the Supreme Court has noted, under federal law, there are only "two main avenues to relief on

complaints related to imprisonment: a petition for habeas corpus, [28 U.S.C. § 2241], [or] a complaint under . . . 42 U.S.C. § 1983," also known as a *Bivens* suit after the Supreme Court decision in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Where, as here, an inmate raises an Eighth Amendment claim of cruel and unusual punishment based on an alleged denial of adequate medical treatment, said claim is a constitutional challenge to his conditions of confinement. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005); *Graham v. Sabol*, 734 F.Supp.2d 194, 204 (D. Mass. 2010); *Holman v. Richardson*, No. 08-3192-RDR, 2009 WL 564309, at *2 (D. Kansas Mar. 5, 2009) (unpublished).

A *Bivens* action is the proper remedy for an inmate who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Tooma v. Florida Parole Comm'n*, 612 F.Supp.2d 1255, 1257 (S.D. Fla. 2009). *See also Huper v. Warden, Fed. Det. Ctr*, No. 08-21511-CIV-JORDAN, D.E. 9, at 2 (S.D. Fla. May 30, 2008) (holding that petitioner who challenged the medical care provided to him while at FDC Miami could not attack such care by filing a § 2241 petition and that rather, the remedy available to him was under *Bivens*). Constitutional claims that challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside the realm of habeas corpus and must be brought pursuant to *Bivens*. *See Nelson v. Campbell*, 541 U.S. 637 (2004); *Huper*, Case No. 08-21511-CIV-JORDAN, at 2 ("§ 2241 is not the appropriate vehicle to assert claims unrelated to the cause or length of detention"). Where an inmate does not seek monetary compensation or damages, such as here, the only relief available from any alleged "prison conditions that violate the Eighth Amendment during legal

4

incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990). "[R]elief of an Eighth Amendment violation does not include release from confinement." *Id. See also Huper,* No. 08-21511-CIV-JORDAN, at 2 ("Because release is not a remedy for deliberate indifference/Eighth Amendment claim, there is no habeas jurisdiction for such claim under § 2241") (internal citations omitted).

Under *Bivens*, Defendant could bring a civil action against an individual federal defendant for an alleged constitutional violation after first exhausting his administrative remedies. *See, e.g., Gonzalez v. Wells*, No. CV 308-014, 2008 WL 4593105, at *1 (S.D. Ga. Oct. 14, 2008). A *Bivens* action cannot be brought against the United States or a federal agency. *See Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (affirming district court's granting of summary judgment in favor of BOP and the United States because as an initial matter, a district court lacks subject matter jurisdiction over a *Bivens* claim against BOP and the United States).

**B.     Defendant Has No Constitutional or Statutory Right to RDAP Placement**

The Eleventh Circuit has explained that inmates have no constitutional right or other protected liberty interest with regard to participation in the RDAP, or to a sentence reduction for completion of the RDAP. *Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th. Cir. 2000). BOP's procedures also do not have to comport with due process standards. *See O'Kelley v. Snow*, 53 F.3d 319, 321 (11th 1995). Defendant therefore has no valid claim that he was entitled to any particular RDAP placement or to any sentence reduction related to an RDAP placement.

### C.      San Diego Federal Criminal Case

As the government has previously pointed out for the Court (*see* Mot. Disclosure of PSR, filed March 20, 2013 (D.E. 36)), defendant has been the subject of a federal criminal investigation with regard to allegations of defrauding a San Diego church and certain parishioners, where he was previously employed.  The criminal investigation is being handled by the U.S. Attorney's Office in San Diego, along with the FBI's San Diego Field Office. Defendant is represented by California counsel in connection with the San Diego investigation. After receiving the instant motion (and the Court's direction to file a response), the undersigned contacted the California AUSA and defense counsel.  The undersigned is given to understand from both the AUSA and defendant's counsel, that defendant is likely to be transported soon, via a writ, to the Southern District of California in connection with that matter.

Defendant vaguely addresses his San Diego matter at page 4 of his motion, under the heading "San Diego Issues."  The government respectfully suggests that, while there is no subject matter jurisdiction over the instant motion in any event, the motion is in part designed by the defendant to try to obtain an order from this Court that somehow delays (or takes advantage of), any expected writ to California that may take place in the near future.  In other words, Defendant appears to be under the mistaken impression that if he somehow obtained an order from this Court as to RDAP placement in the near future, this would reduce his sentence in the event that he is sent to California to face additional federal criminal charges.  The Court should not entertain this invitation to advance the defendant's agenda.  As per the applicable caselaw and the policy considerations that underpin the PLRA, the Court should leave to the BOP to determine the appropriate placement (and treatment, if any) of defendant, unless a cognizable claim for relief is filed by the defendant and otherwise merits further evaluation by the Court.

## Conclusion

For the reasons set forth above, the Court does not have subject matter jurisdiction over this motion. While filed improperly in his criminal case, even if the defendant were to file a petition for writ of habeas corpus, he would first have to exhaust his administrative remedies under the PLRA. Defendant would in all events not be entitled to any relief for any constitutional claim related to the denial of RDAP or the lack of a reduction of sentence with regard to any RDAP program. The motion should therefore be denied.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   */s/ Jerrob Duffy*
JERROB DUFFY
Court No.: A5501106
Assistant United States Attorney
Email: *Jerrob.Duffy@usdoj.gov*
Tel: (305) 961-9273
Fax: (305) 536-5321

United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, Florida  33132

## CERTIFICATE OF SERVICE

I certify that on September 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and via first class mail as follows:

Barry Minkow, Reg. # 87560-012
FMC Lexington
3301 Leestown Rd.
Lexington, KY, 40511

*/s/ Jerrob Duffy*
JERROB DUFFY
ASSISTANT UNITED STATES ATTORNEY

7